UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KEON V. LIPSCOMB,

    Plaintiff,

        v.

FOX NEWS CORPORATION and FOX
NEWS EMPLOYEES,

    Defendants.

Case No. 23-cv-1924-JPG

## MEMORANDUM AND ORDER

In light of Seventh Circuit Court of Appeals admonitions, *see Page v. Dem. Nat'l Comm.*, 2 F.4th 630 (7th Cir. 2021) (citing *Great S. Fire Proof Hotel Co. v. Jones*, 177 U.S. 449, 453 (1900)); *Foster v. Hill*, 497 F.3d 695, 696-97 (7th Cir. 2007), the Court has undertaken a rigorous initial review of pleadings to ensure that jurisdiction has been properly pled.  *See Page*, 2 F.4th at 634 (federal courts "must make their own inquiry to ensure that all statutory requirements are met before exercising jurisdiction"); *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) (noting courts' "independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it").   The Court has noted the following defects in the jurisdictional allegations of the Complaint (Doc. 2) filed by plaintiff Keon V. Lipscomb:

- **Failure to allege a federal question under 28 U.S.C. § 1331.**   The Complaint does not allege any viable cause of action arising under the Constitution, laws or treaties of the United States.   The plaintiff alleges constitutional torts against private actors, but private actors are not ordinarily subject to § 1983 liability unless they are acting under color of state law, that is, unless they are acting for a government or in concert with a government.   *See Cooney v. Rossiter*, 583 F.3d 967, 970 (7th Cir. 2009); *Fries v. Helsper*, 146 F.3d 452, 457 (7th Cir. 1998) ("For an individual to act under color of law, there must be evidence of a *concerted effort* between a state actor and that individual.").

- **Failure to allege diversity jurisdiction under 28 U.S.C. § 1332(a).**   To the extent the plaintiff may be relying on diversity jurisdiction under 28 U.S.C. § 1332(a), that statute requires that "no party on the plaintiff's side of the suit shares citizenship with any party

on the defendant's side."  *Page v. Dem. Nat'l Comm.*, 2 F.4th 630, 636 (7th Cir. 2021) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)).   Additionally, the amount in controversy must exceed $75,000, exclusive of interest and costs.  *Page*, 2 F.4th at 634.   The plaintiff has not alleged the citizenships of the parties and has not alleged facts plausibly suggesting the amount in controversy exceeds $75,000.

The Court hereby **ORDERS** plaintiff Lipscomb to **SHOW CAUSE** on or before July 7, 2023, why this case should not be dismissed for lack of subject matter jurisdiction.   Failure to respond to this order may result in dismissal of this case for lack of subject matter jurisdiction or for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).   Amendment of the faulty pleading to reflect an adequate basis for subject matter jurisdiction will satisfy this order.   The plaintiff is directed to consult Local Rule 15.1 regarding amended pleadings and need not seek leave of Court to file such amended pleading.

**IT IS SO ORDERED.**
**DATED: June 6, 2023**

                                            s/ J. Phil Gilbert
                                            **J. PHIL GILBERT**
                                            **DISTRICT JUDGE**