UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KEON V. LIPSCOMB,

    Plaintiff,

        v.

FOX NEWS CORPORATION and FOX NEWS EMPLOYEES,

    Defendants.

Case No. 23-cv-1924-JPG

## MEMORANDUM AND ORDER

    Plaintiff Keon V. Lipscomb's is an inmate at Menard Correctional Center, an institution of the Illinois Department of Corrections. He claims he was injured when defendant Fox News broadcast false reports that Donald Trump won the 2020 election for President. He trusted that Fox News was telling the truth and relied on its representations to engage in debates with fellow inmates. When he learned that Fox News had broadcast false news, he was devastated. He began to self-mutilate, became emotionally unbalanced and suicidal, and was embarrassed.

    The Court has questioned whether this suit belongs in federal court. This matter comes before the Court on Lipscomb's response to the Court's June 6, 2023, order to show cause why the Court should not dismiss this case for lack of jurisdiction (Doc. 4). In that order, the Court noted Lipscomb had not sufficiently pled a viable federal question to support jurisdiction under 28 U.S.C. § 1331, had not alleged the diversity of the parties or the requisite amount in controversy to support jurisdiction under 28 U.S.C. § 1332(a), and had not suggested any other basis for federal court jurisdiction.

    Lipscomb responded to the Court's order to show cause by filing the Amended Complaint (Doc. 7). The Court has reviewed the Amended Complaint and finds that it has not

cured the defects noted in the order to show cause.

Federal Question Jurisdiction

The Amended Complaint still fails to allege a federal question, that is, a viable cause of action arising under the Constitution, laws or treaties of the United States.  *See* 28 U.S.C. § 1331.  While Lipscomb refers to First Amendment freedom of the press and Fourteenth Amendment due process claims, those amendments apply by their very terms only to governments, not private entities.  Indeed, the First Amendment states, "*Congress* shall make no law. . . abridging the freedom . . . of the press. . ." (emphasis added), and the Fourteenth Amendment states, "[N]or shall any *State* deprive any person of life, liberty, or property without due process of law. . ." (emphasis added).[1]  Individuals and private entities can only be liable for constitutional violations if they are acting "under color of state law."  *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

A private defendant can act under color of state law when, for example, the private party acts in concert with a government or performs a traditional government function exclusively given to the government.  *See West v. Atkins*, 487 U.S. 42, 55 (1988) (private doctors can be liable for constitutional violations when they contract to perform the state's obligation to provide medical care for inmates); *Fries v. Helsper*, 146 F.3d 452, 457 (7th Cir. 1998) ("For an individual to act under color of law, there must be evidence of a *concerted effort* between a state actor and that individual.").  Nothing in Lipscomb's pleading suggests defendants Fox News or Fox News employees were acting in concert with any government entity or performing a

---

[1] These prohibitions can apply more universally to other government entities through the doctrine of incorporation.  *See, e.g., Zinermon v. Burch*, 494 U.S. 113, 125 (1990) (noting Fourteenth Amendment due process clause incorporated First Amendment protections so they apply to states as well).

traditional government function.   All Lipscomb's other allegations of wrongdoing assert only state law causes of action, not federal questions.

Diversity Jurisdiction

Lipscomb has not even attempted to plead diversity jurisdiction under 28 U.S.C. § 1332(a).   The Court has diversity jurisdiction only when "no party on the plaintiff's side of the suit shares citizenship with any party on the defendant's side."   *Page v. Dem. Nat'l Comm.*, 2 F.4th 630, 636 (7th Cir. 2021) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)).   Lipscomb has not pled any party's citizenship.

Additionally, diversity jurisdiction requires that the matter in controversy exceed the sum or value of $75,000, exclusive of interest and costs.   28 U.S.C. § 1332(a).   Lipscomb has not alleged damages that exceed $75,000.   He alleges the defendants' conduct caused him to self-mutilate by cutting his thigh, left him emotionally unbalanced and suicidal, and caused him embarrassment.   The Court is hard-pressed to see how, in light of the free or low-cost medical and psychological treatment provided to inmates like Lipscomb, such injuries could amount to more than $75,000.   Lipscomb has simply not plead facts supporting diversity jurisdiction over this case.

After two chances, Lipscomb has failed to plead a cause of action over which this Court has subject matter jurisdiction.   In light of the nature of his gripes, the Court doubts he will ever be able to do so.   For this reason, the Court:

- **DISMISSES** this case **without prejudice for lack of subject matter jurisdiction**; and
- **DIRECTS** the Clerk of Court to enter judgment accordingly.

The Court notes that its dismissal is without prejudice, so Lipscomb may seek relief in a state court.

The Court further notes that Lipscomb's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $402 remains due and payable regardless of the dismissal of this case. See 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

**IT IS SO ORDERED.**
**DATED: July 6, 2023**

> s/ J. Phil Gilbert
> **J. PHIL GILBERT**
> **DISTRICT JUDGE**